IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMARA KAY FULMER-STEWART, | § § § | |
| *Plaintiff,* | § § § | 5:25-CV-00411-FB-RBF |
| vs. | § § § | |
| CLEAR CHOICE AUTOMOTIVE, CEO & OWNER  PFS AUTO FINANCE, | § § § § | |
| *Defendants.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Tamara Kay Fulmer-Stewart's Application to Proceed in District Court Without Prepaying Fees or Costs and proposed civil complaint. *See* Dkt. No. 1. The Application and related motions were automatically referred for disposition, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that this case should be **DISMISSED** for failure to prosecute or comply with court orders, and for failure to state a non-frivolous claim. *See* Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915(e).

**Factual and Procedural Background**

Plaintiff Fulmer-Stewart filed her request to proceed *in forma pauperis* ("IFP") on April 17, 2025. *See* Dkt. No. 1. Therein, Fulmer-Stewart provided conflicting information regarding her income and employment status. *Id*. Additionally, as noted in the Court's June 12, 2025, Order, Plaintiff reported her husband's income totaling $3,200.00 per month and reported having no expenses. *See* Dkt. Nos. 1, 10. The Court found the information provided by Fulmer-Stewart insufficient to show that the imposition of the full filing fee would cause an undue financial hardship. *See* Dkt. No. 10.

In the Court's 1915(e) analysis, the Court found several deficient components of Plaintiff's claim. In particular, the Court was unable to determine from the proposed complaint who the intended defendants were, and it also found there was no factual content provided to make out a claim against any proposed defendants. *Id*.

In light of these issues, the Court denied Plaintiff's Motion to Proceed IFP and ordered Plaintiff to submit a compliant IFP application or to pay the filing fee within 14 days. *Id*. To date, Plaintiff Fulmer-Stewart has not responded to the Court's Order.

**Analysis**

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order" to "achieve the orderly and expeditious disposition of cases." *Griggs v. S.G.E. Mgmt.*, L.L.C., 905 F.3d 835, 844 (5th Cir. 2018). But "[t]he scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. King*, 250 Fed. App'x 28, 29 (5th Cir. 2007). Fulmer-Stewart does not provide any dates with her allegations, so it is not possible to know whether her

claims would be outside the statute of limitations. Regardless, even applying a narrower scope of discretion reflects that dismissal is warranted here.

Fulmer-Stewart has failed to respond to the Court's order to show cause, and there are no lesser sanctions that could appropriately be employed under the circumstances of this case. After reviewing the Application, the Court detailed its concerns and directly warned Fulmer-Stewart that if she failed to pay the filing fee and failed to submit a compliant IFP application, the Court could dismiss the case. *See* Dkt. No. 10.

Finally, because Fulmer-Stewart is proceeding pro se, any delay here is attributable to her, not an attorney. Accordingly, dismissal even under the more exacting standard involving a narrower scope of discretion is appropriate. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (discussing factors the Court must consider when the applicable statute of limitations would likely bar future litigation).

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be **DISMISSED** under Rule 41(b) for failure to prosecute or comply with court orders.

Having considered and acted upon all matters for which this case was referred, it is **ORDERED** that this case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED.**

SIGNED this 6th day of August, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE