IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAMARA KAY FULMER-STEWART, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-25-CV-411-FB |
| § | |
| CLEAR CHOICE AUTOMOTIVE, CEO & § | |
| OWNER PFS AUTO FINANCE, § | |
| § | |
| Defendants. § | |

**<u>ORDER ACCEPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE</u>**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on August 6, 2025 (docket #11), concerning Plaintiff Tamara Kay Fulmer-Stewart's Application to Proceed in District Court Without Prepaying Fees or Costs and proposed civil complaint. According to the CM/ECF system, the Report and Recommendation sent by certified mail, return receipt requested, was received by the Plaintiff on August 11, 2025 (docket #13). To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

In the Report, United States Magistrate Judge Richard B. Farrer recommends that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with court orders based on the following:

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

>  Plaintiff Fulmer-Stewart filed her request to proceed in forma pauperis ("IFP") on April 17, 2025. *See* Dkt. No. 1. Therein, Fulmer-Stewart provided conflicting information regarding her income and employment status. *Id*. Additionally, as noted in the Court's June 12, 2025,[2] Order, Plaintiff reported her husband's income totaling $3,200.00 per month and reported having no expenses. *See* Dkt. Nos. 1, 10. The Court found the information provided by Fulmer-Stewart insufficient to show that the imposition of the full filing fee would cause an undue financial hardship. *See* Dkt. No. 10.
>
>  In the Court's 1915(e) analysis, the Court found several deficient components of Plaintiff's claim. In particular, the Court was unable to determine from the proposed complaint who the intended defendants were, and it also found there was no factual content provided to make out a claim against any proposed defendants. *Id*.
>
>  In light of these issues, the Court denied Plaintiff's Motion to Proceed IFP and ordered Plaintiff to submit a compliant IFP application or to pay the filing fee within 14 days. *Id*. To date, Plaintiff Fulmer-Stewart has not responded to the Court's Order.

Report, docket #11 at page 2.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be DISMISSED for failure to prosecute and/or failure to comply with a court order.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on August 6, 2025 (docket #11), is ACCEPTED pursuant to 28

---

[2] The Court in the June 12, 2025, Order also ordered that service of Plaintiff's Complaint is stayed until further order of the Court. That stay is now moot.

U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). Motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 31st day of August, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE